LETTS, Chief Judge,
dissenting:
This case has been confusing to me. My main concern is that while the majority opinion repeatedly points out that it is only dealing with the sale of waterfront lots as distinct from waterfront homes on those lots, there is, intertwined, discussion about residential real estate and wells and septic tanks which to me does not clearly isolate the issues. In this regard I think the trial judge was also confused.
As I see it, if the sales are for lots only,[1] the certified question should place seawalls, wells and septic tanks in exactly the same category, whereas the opinion and the question might appear to differentiate them.
Likewise, if the contracts had been for the sale of waterfront homes on waterfront lots, then I would again place a seawall in exactly the same category as a septic tank or a well. I feel strongly that where the sale of a waterfront home is involved, if the waterfront home is created and built by the developer along with the creation and building of a man-made waterfront, a seawall is as necessary and as integral a part of the actual house building as is a sewer connection and a water supply. Accordingly, if the implied warranty of fitness applies at all, it ought to apply to all three.

. The contract prices here included not only the lots but also: “sewer, water, streets, underground electric and seawall.”